IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,632-02






EX PARTE JOHN DANIEL FAILS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19594 IN THE 12TH DISTRICT COURT


FROM WALKER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and after a period of deferred adjudication, his guilt was adjudicated and he was sentenced
to seven years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel at the original plea for deferred adjudication
rendered ineffective assistance by informing him that he would be able to be released from
community supervision after serving only one-third of his time as long as he paid his fees and
restitution and completed his community service requirements. He also alleges that counsel
misinformed him that he would only have to comply with the sexual offender registration
requirements for the period during which he was on community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding his claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's findings of fact and conclusions of law, shall be returned to
this Court within 120 days of the date of this order. The clerk's office shall also supplement the
record with copies of the indictment, judgments, admonishments, judicial confessions, and plea
papers in this cause. Any extensions of time shall be obtained from this Court. 



Filed: April 28, 2010

Do not publish